Filed 10/22/13  P. v. Myers CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GARY ARLAND MYERS,<br><br>      Defendant and Appellant. | A138632<br><br>(Sonoma County Super. Ct.<br> No. SCR625971) |

Defendant Gary Arland Myers pleaded guilty to felony driving with 0.08 percent or more alcohol in his blood (Veh. Code, § 23152, subd. (b)), to a misdemeanor driving on a suspended license (Veh. Code., § 14601.2, subd. (a)), and to various enhancements. The court denied defendant's request for probation and sentenced him to the aggravated term of four years in state prison.  Defendant appealed and his appellate counsel raises no issues and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In accordance with *Wende*, defendant was informed of his right to file a supplemental brief, which he has not done.  As the appeal is based solely on grounds occurring after entry of the plea, it is authorized by California Rules of Court, rule 8.304(b)(4)(B).  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm.

1

## BACKGROUND

During the evening of November 12, 2012, an officer stopped a white Volvo after the officer noticed that the car was crossing over the solid double yellow center lines on the road.[1] The driver told the officer, "I have a warrant and you got me for [driving under the influence (DUI)] and all the rest." Dispatch confirmed that the driver's license for defendant had been revoked and that he had two active warrants related to traffic matters. When defendant left the vehicle, the officer noted the odor of alcohol coming from defendant's breath. The officer also noticed that defendant's speech was slurred and his eyes were red and watery. Defendant was arrested and submitted to a breath test that registered 0.17 percent and 0.18 percent blood alcohol concentration.

On November 14, 2012, a complaint was filed charging defendant in count one of felony driving under the influence (Veh. Code, § 23152, subd. (a)), with allegations that he had suffered two prior convictions within the meaning of Vehicle Code sections 23550 and 23550.5. In count two, defendant was charged with felony driving while having 0.08 percent of alcohol in the blood (Veh. Code, § 23152, subd. (b)), with the same prior convictions. Defendant was charged in count three with misdemeanor driving with a suspended license (Veh. Code, § 14601.2, subd. (a)), with two prior offenses and one prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

At the hearing on December 14, 2012, defendant agreed that he wanted to resolve his case by admitting counts two and three, which would expose him to a maximum of four years in the state prison. Defendant waived his right to a preliminary hearing and his rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*) and *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*). The People moved to amend to allege a blood alcohol content that exceeded 0.15 percent (Veh. Code, § 23578). As to count two, defendant pled guilty to violating Vehicle Code section 23152, subdivision (b), and admitted two priors and the section 23578 of the Vehicle Code enhancement. Defendant also pled guilty to violating Vehicle Code section 14601.2, subdivision (a), and admitted two prior convictions.

---

[1] The facts are from the probation report.

Defendant admitted a prior prison conviction pursuant to Penal Code section 667.5, subdivision (b).

Defendant stipulated to a factual basis for the plea based on the police report. On the People's motion, the court dismissed count one.

The probation officer filed the presentence probation report on February 20, 2013. The probation report stated that defendant, who was 48 years old at the time of the report, had been offered numerous opportunities on formal probation, but reoffended and violated his probation. In November 1992, defendant was placed in a residential treatment program and failed to return when out on a pass; he then absconded from probation supervision. Probation was unsuccessfully terminated in May 1994. Defendant was released on state parole in April 1997 after serving a sentence for felony DUI. One year later, defendant was returned to custody for a parole violation. Defendant was again paroled in June 1998, and discharged from parole two years later. After serving a sentence for two felony DUI offenses, defendant was released on state parole in February 2007. He was discharged from parole in March 2008.

Since 1992, defendant had not participated in any substance abuse treatment, although he claimed to have, at times, attended Alcoholic Anonymous meetings. Defendant told his probation officer that he wished to be granted probation and to enter a residential treatment program, as earlier he had failed to complete a long-term residential program. Turning Point, a treatment program, had accepted defendant into the program and defendant believed participation in this program would permit him to get his life "back on track" and to keep his job that he had held for 23 years with an auto body and towing shop.

The probation report indicated that defendant was not eligible for probation under Penal Code section 1203, subdivision (e)(4), as he had two or more felony offense convictions. The report noted the following factors favoring probation: defendant's prior satisfactory performance on a parole grant, his willingness to comply with the terms of a probation grant, his stable employment history, his adequate education, and his local familial support. The unfavorable factors were defendant's prior record of numerous

3

convictions, his prior unsatisfactory performance on formal probation and state parole, and his substance abuse issues and mental health issues. The report stated that if defendant were not imprisoned, he would continue to present a danger in the community.

With regard to circumstances in aggravation, the probation report set forth the same factors listed above, as well as defendant's prior prison term that was not included in an admitted enhancement and his blood alcohol content of 0.15 percent or higher during the commission of the present offense. The circumstance in mitigation was defendant's satisfactory performance on a state parole grant.

The probation report concluded that the factors did not support an exception to the limitation on probation set forth in Penal Code section 1203, subdivision (e)(4). The report stressed that defendant had been convicted of numerous separate DUI offenses over the past 30 years and, while defendant admitted his conduct was "a dangerous thing to do," he minimized his actions by stating, "I felt fine while I was driving." The report recommended the upper term of four years given the aggravating factors. The report also recommended various restitution fees.

The trial court held the sentencing hearing on February 20, 2013. Defense counsel requested that defendant's aggravated sentence be suspended and that he be given formal probation and the opportunity to complete the Turning Point treatment program. Counsel stressed that defendant had been accepted by Turning Point and that he acknowledged culpability at an early stage of the proceedings.

The trial court noted that alcohol is a disease but "getting in a car and then driving is a whole different thing." The court observed that defendant's last conviction was approximately nine years ago, but stressed that he went to prison for 10 years. The court explained that defendant had a chance at treatment in the 1980s, but was still "getting behind the wheel of the car." The court advised that it was going to follow the recommendation of probation.

The trial court stated that under California Rules of Court, rule 4.413, defendant was limited from being granted probation pursuant to Penal Code section 1203, subdivision (e)(4) unless this were an unusual case. The court found that this was not an

4

unusual case, and therefore it denied defendant's request for probation. The court found that defendant's "12 prior convictions, two of them felonies," standing alone, made the aggravated term appropriate. The court sentenced defendant to a total of four years in state prison, comprised of the upper term of three years for driving with over 0.08 percent blood alcohol, plus one year for the prior prison term enhancement. Defendant received 201 days presentence credits. The court imposed a number of fines, and ordered DNA testing pursuant to Penal Code section 296.

## DISCUSSION

Where, as here, an appellant has pled guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Defendant was at all times represented by competent counsel who protected his rights and interests. Nothing in the record indicates defendant was mentally incompetent to stand trial or to understand the admonitions he received from the court prior to entering his plea, and to thereupon enter a knowing and voluntary plea. The admonitions given defendant at the time he entered his plea fully conformed with the requirements of *Boykin, supra,* 395 U.S. 238 and *Tahl, supra,* 1 Cal.3d 122, and his waiver was knowing and voluntary. There was a factual basis for the plea.

The trial court's imposition of the upper term for defendant's felony conviction was recommended by the probation report, which stressed defendant's prior convictions, two of which were felonies. (See Pen. Code, § 18, subd. (a) ["Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison"].) Accordingly, the law authorized the upper term chosen by the trial court.

Our independent review having revealed no arguable issues that require further briefing, the judgment of conviction, which includes the sentence imposed, is affirmed.

5

_____
Brick, J.*

We concur:


_____
Kline, P.J.


_____
Richman, J.


* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6